UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Lewis Nicklous Thompkins, | ) | Civil Action No.: 1:18-cv-00805-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, Lewis Nicklous Thompkins, brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for disability insurance benefits. *See* 42 U.S.C. § 405(g). May 15, 2019, the court remanded the Commissioner's decision pursuant to sentence four of § 405(g) for further administrative proceedings.

This matter now is before the court on Plaintiff's amended motion for attorney's fees filed on September 2, 2020, for requested fees in the amount of $22,235.25, which is not greater than 25% of Plaintiff's past due benefits.

In the United States Supreme Court case of *Gisbrecht v. Barnhart*, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act limiting attorney fees to 25% of past-due benefits does not displace contingent-fee agreements that are within such statutory ceiling, and instructs courts to review for reasonableness fees yielded by such agreements. In addition, if the claimant has been awarded attorney fees under EAJA, the claimant's attorney must refund the lesser of the two fees to the claimant. *Id*. at 796.

Upon review of the materials submitted to the Court, the undersigned finds that Plaintiff counsel's request for attorney fees is reasonable. Therefore, it is ordered that the Plaintiff's attorney

may collect a fee of $22,235.25 which is not greater than 25% of plaintiff's past due benefits.

    IT IS SO ORDERED.

September 17, 2020                           <u>s/ R. Bryan Harwell</u>
Florence, South Carolina               R. Bryan Harwell
                                             Chief United States District Judge